UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEONTAI DEJUAN BERRY,<br>Plaintiff,<br>v.<br>KING COUNTY, *et al.*,<br>Defendants. | CASE NO. 2:25-cv-02455-TMC-GJL<br>REPORT AND RECOMMENDATION<br>Noting Date: July 31, 2026 |

The District Court has referred this matter to United States Magistrate Judge Grady J. Leupold. Plaintiff Leontai Dejuan Berry, proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Dkts. 3, 5. Presently before the Court is a Motion to Dismiss the Amended Complaint filed by Defendants King County, Sarah Vanston, Duy Trinh, and Heather Flynn (collectively "King County Defendants"). Dkt. 14. Plaintiff has not responded to the Motion to Dismiss. *See docket*.

After consideration of the relevant record, the Court finds Plaintiff has failed to state a claim against any of the named Defendants. Accordingly, the Court **RECOMMENDS** the Motion to Dismiss (Dkt. 14) be **GRANTED**, Plaintiff not be given leave to amend, and this case be **CLOSED**.

//

//

## I. BACKGROUND

Plaintiff, a pretrial detainee currently located at the King County Jail (the "Jail") in Seattle, Washington, initiated this matter on December 3, 2025. Dkt. 1. After screening the Complaint (Dkt. 3) under 28 U.S.C. § 1915A, the Court declined to serve the Complaint due to Plaintiff's failure to (1) name any defendant against whom relief may be granted and (2) describe the personal participation of any named defendant responsible for the alleged constitutional violations. Dkt. 4. The Court also granted Plaintiff leave to file an amended pleading to cure the deficiencies described in the Screening Order. *Id*. On February 5, 2026, Plaintiff filed an Amended Complaint. Dkt. 5.

In the Amended Complaint, Plaintiff names King County and three individuals described as "medical directors" as Defendants. *Id*. at 3–4. He alleges three Counts against these King County Defendants for violations of his constitutional rights since he entered the Jail on March 31, 2025, with a gunshot wound to his left leg. *Id*. at 5–12. In Count I, Plaintiff alleges King County Defendants violated his Fourteenth Amendment rights by initially denying him previously prescribed pain medication and prematurely removing him to a "closed custody cell" with only a walker despite his near inability to stand. *Id*. at 6. Plaintiff further alleges that after he was later moved back to a medical floor in the Jail, staff refused to treat his open wound, causing an infection and further pain. *Id*. Although eventually he was seen by a medical provider at an outside hospital, Plaintiff continues to suffer severe pain and is unable to walk without the assistance of a wheelchair. *Id*. Plaintiff adds that, since filing this suit, King County Defendants have "engaged in deceptive practices" with respect to Plaintiff's medical care by mischaracterizing his medical appointments and leading him to miss appointments and forcing him to sign refusal-of-care forms. *Id*. at 7.

In Count II, Plaintiff alleges he has been denied proper dental treatment for two broken molars. *Id*. at 8–9. Specifically, after dental x-rays were taken, it was determined that Plaintiff required oral surgery with anesthesia. *Id*. However, according to Plaintiff, because the Jail cannot provide anesthesia and Harborview Medical Center refused to perform the procedure, the Jail gave him only two options for pain management during the treatment, either Novocain or nitrous oxide. *Id*. When Plaintiff informed the Jail's dentist that these options are inappropriate for his condition because his medical records show that multiple injections of Novocain fail to numb his mouth and nitrous oxide causes him anxiety, the dentist offered him only Tylenol. *Id*. Plaintiff sought a "court order" for temporary release to an outside dental provider, but his request was denied. *Id*. at 8–9. As a result, Plaintiff remains in severe pain and, as of February 2026, had still not been treated for the condition. *Id*. at 10.

In Count III, Plaintiff alleges that, as a result of taking Tylenol for his severe dental pain, in late July 2025 he began urinating blood and experiencing other severe pain. *Id*. at 9; 11–12. Plaintiff was forced to wear blood-soaked clothing, as medical staff refused to provide him with fresh clothing. *Id*. at 11. Plaintiff alleges that since he has not been offered alternative pain management, he now has liver damage from his prolonged and untreated medical crisis. *Id*. at 11–12.

On March 3, 2026, the Court directed service of the Amended Complaint on the named King County Defendants. Dkt. 6. On May 1, 2026, King County Defendants filed the instant Motion to Dismiss with an accompanying *Rand* notice to Plaintiff. Dkts. 14, 15. Per the Court's Local Rules, Plaintiff's response to the Motion to Dismiss was due by May 21, 2026. *See* LCR 7(d)(4). To date, Plaintiff has failed to respond to the Motion to Dismiss.

On May 28, 2026, King County Defendants filed a Reply to the Motion to Dismiss, arguing that, in light of Plaintiff's failure to respond to the Motion, the Court should deem the failure as Plaintiff's admission that the Motion has merit and dismiss Plaintiff's claims with prejudice.[1] *Id*. To date, Plaintiff has failed to respond to Defendants' Reply.

## II. STANDARD OF REVIEW

A motion to dismiss can be granted only if a plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level". *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556, 570).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted). However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

While the Court must accept all the allegations contained in the complaint as true, the Court does not have to accept a "legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] Under the Court's Local Civil Rule 7(b)(2), where "a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." Further, failure to follow a district court's local rules is a proper ground for dismissal. *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

statements, do not suffice." *Id.*; *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). While the Court is to construe a complaint liberally, such construction "may not supply essential elements of the claim that were not initially pled." *Pena*, 976 F.2d at 471.

## III. DISCUSSION

In the instant Motion to Dismiss, King County Defendants argue (1) the claim against King County should be dismissed because Plaintiff has failed to allege facts demonstrating King County violated Plaintiff's constitutional rights and (2) the claims against the remaining individual King County Defendants should be dismissed because Plaintiff has failed to establish personal participation by any of these Defendants in the alleged violations of Plaintiff's Fourteenth Amendment rights. Dkt. 14. Although Plaintiff has not responded to the Motion to Dismiss, the Court does not recommend granting the Motion as unopposed. Rather, the Court will address the arguments raised in the Motion to Dismiss in turn.

### A. Municipality Liability

Defendant King County contends Plaintiff has failed to allege any facts in the Amended Complaint showing it is liable for the alleged constitutional violations. Dkt. 14 at 4–5. Plaintiff has not responded to Defendants' Motion.

To state a claim against a municipality, a plaintiff must allege facts showing the municipality's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or showing the municipality ratified the unlawful conduct. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir. 1991). To

establish municipality liability under § 1983, a plaintiff must show: (1) a deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992); *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

A municipality will not be liable under § 1983 for acts of negligence by employees of the jail or for an unconstitutional act by a non-policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234–35 (9th Cir. 1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non-policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir. 1989).

Here, in the Amended Complaint, Plaintiff names King County as a Defendant but has not alleged facts sufficient to establish the required elements of a claim against King County or show that King County violated his constitutional or statutory rights. *See* Dkt. 5. While Plaintiff alleges he received inadequate medical care while at King County Jail, he has not identified any custom or policy of King County that caused a constitutional violation. *See id*. Further, Plaintiff has failed to show that the individually-named Defendants acted by way of an official custom or policy established by King County that permitted deliberate indifference to, or violations of, Plaintiff's constitutional rights. *See id*. Thus, King County cannot be held liable for the alleged unconstitutional conduct of the individually-named Defendants. *See Monell*, 436 U.S. at 691 (municipalities cannot be held liable under § 1983 on a theory of respondeat superior unless the alleged constitutional deprivation arises from a governmental custom or policy).

Accordingly, the Court **RECOMMENDS** the claims against King County be **DISMISSED**.

**B. Personal Participation**

King County Defendants also seek dismissal of the Amended Complaint on the basis that Plaintiff has failed to prove any personal participation by the individual King County Defendants. Dkt. 14 at 5–6. Plaintiff has not responded to Defendants' Motion.

To state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege an individual defendant's own conduct violated the plaintiff's civil rights. *Harris*, 489 U.S. at 385–90; *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (a plaintiff must show that an individual defendant participated in or directed the alleged harm, or knew of the harm and failed to act to prevent it).

Here, in the initial Complaint, Plaintiff named as a Defendant "medical staff" from King County Public Health Services. Dkt. 3 at 3. In the Screening Order, the Court advised Plaintiff that in order to pursue a claim against individuals working at King County Jail, Plaintiff must specifically name the individuals and specifically describe how they are responsible for the alleged constitutional violations. Dkt. 4 at 4.

In response, Plaintiff amended his Complaint to merely include the names of three individuals as "medical directors" from King County Jail as Defendants. *See* Dkt. 5. However, aside from naming them in the caption, Plaintiff has not included any allegations against these Defendants, and so has not explained how any individuals committed an affirmative act or participated in another individual's affirmative act that led to a violation of Plaintiff's constitutional rights.

Therefore, Plaintiff has failed to explain how anybody personally participated in a violation of his constitutional rights. Accordingly, the Court **RECOMMENDS** the claims against King County Defendants Vanston, Trinh, and Flynn be **DISMISSED**.

**C. Leave to Amend**

Having concluded the Amended Complaint should be dismissed for failure to state a claim, the Court next considers whether Plaintiff should be granted additional leave to cure the deficiencies through another amendment. The Ninth Circuit has "established that a *pro se* litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they cannot be overcome by amendment." *See Eldridge v. Block*, 832 F.2d 1132, 1135–36 (9th Cir. 1987).

Here, the Court previously notified Plaintiff of the deficiencies of his claims and gave him leave to amend. *See* Dkt. 4. Plaintiff did by filing the Amended Complaint. Dkt. 5. The Court served that Amended Complaint on the named Defendants (*see* Dkt. 6), who responded with the instant Motion to Dismiss. Dkt. 14. Accompanying the instant Motion was the *Rand* notice, informing Plaintiff of what is required of him in order to oppose the Motion to Dismiss. Dkt. 15. Plaintiff did not respond to the Motion to Dismiss.

In their Reply to the Motion, King County Defendants requested that the Court dismiss Plaintiff's claims for his failure to oppose the Motion to Dismiss. Dkt. 16. Because Plaintiff has been notified of the deficiencies of his claims, taken advantage of the opportunity to amend his Complaint, but has failed to oppose to this Motion to Dismiss, the Court **RECOMMENDS** Plaintiff **NOT be given additional leave to amend**.

## IV. CONCLUSION

Based on the foregoing, the Court finds Plaintiff has not stated a cognizable § 1983 claim against any Defendant and **RECOMMENDS** the Motion to Dismiss (Dkt. 14) be **GRANTED**. Further, the Court **RECOMMENDS** that Plaintiff **NOT** be given leave to amend and that this case be **CLOSED**.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **July 31, 2026**.

Dated this 10th day of July, 2026.



Grady J. Leupold
United States Magistrate Judge